CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
OCT 05 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| MOLLIE L. KENNEDY, ADMINISTRATRIX, ETC, | )<br>)<br>) Case No. 2:05CV00030<br>) |
| Plaintiff, | )<br>) **OPINION**<br>) |
| v. | )<br>) By: James P. Jones |
| JOY TECHNOLOGIES, INC., ET AL., | ) Chief United States District Judge<br>)<br>) |
| Defendants. | )<br>) |

*Charles H. Smith, III, and James W. Ellerman, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, and Clarence E. Phillips, Castlewood, Virginia, for Plaintiff; Mark D. Loftis, Woods Rogers PLC, Roanoke, Virginia, for Defendant Joy Technologies, Inc., d/b/a Joy Mining Company; Patrick D. Blake and Brian W. Lown, Willcox & Savage, P.C., Norfolk, Virginia, for Defendant Matric Limited.*

In this products liability case, I will grant summary judgment in favor of the defendants.

I

The plaintiff's decedent, Gregory R. Kennedy, an experienced underground coal miner, was killed when he was crushed by the continuous miner machine that he had been operating.[1] The machine was manufactured and sold by defendant Joy

---

[1] A continuous miner machine has been described as

Technologies, Inc. A component remote control unit, called a TX-3 remote, was suppled by the co-defendant Matric Limited. In her Complaint in this court, the plaintiff contends that the defendants are liable for the wrongful death of her decedent based on their breach of the implied warranties of sale. It is the plaintiff's theory that the TX-3 remote was defectively designed, so as to allow coal fines and debris to accumulate in and clog the sockets that contained the lever controls for the machine's tracks or "trams," thus preventing a control from returning to its neutral position. The plaintiff asserts that this defect caused the accident by producing an "unplanned machine movement" that pinned the decedent between the machine and the coal rib and killed him.

The defendants have moved for summary judgment on various grounds. In addition, they have moved to exclude the testimony of the plaintiff's only expert, Thomas W. Butler, Ph.D., on the ground that his opinions are unreliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); Fed. R. Evid. 702. The

---

> a large hydraulically powered machine equipped with a drum housing sharp, rotating bits which cut the coal directly from the coal seam. The continuous miner machine retrieves the broken coal, channels the coal over a conveyor running the length of the machine, and subsequently loads the coal onto shuttle cars. The continuous miner machine replaces the undercutting, drilling, and blasting phases of the conventional mining system.

*Consolidation Coal Co. v. Marshall*, 663 F.2d 1211, 1213 n.1 (3d Cir. 1981).

issues in these motions have been fully briefed and the court has received oral argument. The motions are thus ripe for decision.

II

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*,

-3-

999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotations omitted).

Although the moving party must provide more than a conclusory statement that there are no genuine issues of material fact to support a motion for summary judgment, it "'need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case.'" *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994) (quoting 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2720, at 10 (2d ed. Supp. 1994)); *see also Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party's evidence must be probative, not merely colorable, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, and cannot be "conclusory statements, without specific evidentiary support," *Causey v. Balog,* 162 F.3d 795, 802 (4th Cir. 1998).

The subject-matter jurisdiction of this court is pursuant to diversity of citizenship and amount in controversy. 28 U.S.C.A. § 1332(a) (West 1993 & Supp.

Case 2:05-cv-00030-JPJ-PMS   Document 102   Filed 10/05/06   Page 4 of 8   Pageid#: 6416

2006). The parties agree that Virginia substantive law applies. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

After a careful review of the summary judgment record, I find that the plaintiff is unable to prove causation in this case, an essential element of her claim of breach of warranty. "It is a well-established principle of Virginia products liability law that where there is more than one possible cause of an injury, the plaintiff must show, with reasonable certainty, that the defendant caused the injury." *Stokes v. L. Geismar, S.A.*, 815 F. Supp. 904, 908 (E.D. Va. 1993) (internal quotation omitted) (holding that plaintiff failed to show that his injury was caused by a defectively designed or manufactured rail cutting saw, where there were no witnesses to the accident and its specific circumstances were unclear), *aff'd*, No. 93-1367, 1994 WL 32815 (4th Cir. Feb. 7, 1994) (unpublished).

While it is certainly possible that this tragic accident was caused by the excessive accumulation of coal fines and debris in the control sockets, the evidence is equally strong that the unplanned movement of the left-hand tram resulted from other causes—for example, an electronic malfunction (as suggested by one of the plaintiff's former experts) or an inadvertent error on the operator's part (as suggested by a defense expert). There are no surviving witnesses to the accident; the controls worked satisfactorily following the accident; and no tests or measurements were made

to determine whether the control levers were actually affected by any existing coal fines and debris.

"[I]n a products liability action, proof of causation must ordinarily be supported by expert testimony because of the complexity of the causation facts." *McCauley v. Purdue Pharma L.P.*, 331 F. Supp. 2d 449, 464 (W.D. Va. 2004). Dr. Butler, the plaintiff's expert, did opine in his report that the accident was caused by accumulated debris in a tram control lever socket, preventing the lever from returning to the off position. However, Dr. Butler's deposition, part of the summary judgment record, clearly shows that this opinion is mere supposition on his part, based primarily on his reading of the report of the investigation of the accident by the United States Mine Safety and Health Administration ("MSHA"). Dr. Butler did no testing nor performed any calculations regarding the accident and admitted that there could be alternative explanations for the accident that were beyond his expertise. I will thus grant the defendants' motion to exclude Dr. Butler's testimony on this point.

The plaintiff also contends that the MSHA report's findings are admissible on the issue of causation, under the public record exception to the hearsay rule. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988) (holding that "portions of investigatory reports otherwise admissible under [Fed. R. Evid.] 803(8)(C) are not inadmissible merely because they state a conclusion or opinion."). However, the

MSHA report's opinion that "the most likely explanation" for the accident is debris in the lever socket of the 3-X remote is likewise entirely speculative and thus inadmissible under Rule 803(8)(C). *See id.*, 488 U.S. at 170; *Zeus Enter., Inc. v. Alphan Aircraft, Inc.*, 190 F.3d 238, 241 (4th Cir. 1999) (holding that under Rule 803(8)(C) a public record ought to be admitted "unless there are sufficient negative factors to indicate a lack of trustworthiness, in which case it should not be admitted.").

Accordingly, I hold that the plaintiff is unable to prove an essential element of her case—causation—and thus her suit must fail. Because the plaintiff is unable to prove her case as to this basic element of causation, it is not necessary for me to consider the other grounds presented by the defendants in their motions.[2]

III

For the reasons stated, summary judgment will be entered in favor of the defendants.

---

[2] Defendant Joy Technologies, Inc. did not directly assert insufficient causation evidence as a ground of its Motion for Summary Judgment. It argues, however, that it adequately referenced this ground in its Motion to Exclude the Testimony of Plaintiff's Expert Witnesses. In any event, co-defendant Matric Limited clearly urged this ground in its motion and thus it is not a surprise or unfair to the plaintiff to rely upon it as to both defendants. *See U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989).

DATED: October 5, 2006

_____
Chief United States District Judge