IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| MOLLIE L. KENNEDY, ADMINISTRATRIX, ETC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:05CV00030 |
| v. | ) ) | **OPINION AND ORDER** |
| JOY TECHNOLOGIES, INC., ET AL., | ) ) ) | By: James P. Jones Chief United States District Judge |
| Defendants. | ) ) | |

*S.D. Roberts Moore and Charles H. Smith, III, Gentry Locke Rakes & Moore, Roanoke, Virginia, and Clarence E. Phillips, Castlewood, Virginia, for Plaintiff; Patrick D. Blake and Brian W. Lown, Willcox & Savage, P.C., Norfolk, Virginia, for Defendant Matric Limited.*

After granting summary judgment in this diversity action, I resolve a dispute over taxable costs.

I

The plaintiff filed this wrongful death action against Joy Technologies, Inc. and Matric Limited claiming that an allegedly defective product manufactured by them caused her husband's death. The plaintiff's decedent, Gregory Kennedy, was killed in a coal mining accident when he was pinned against a coal rib by the continuous miner he had been operating. On October 5, 2006, I granted summary judgment for

the defendants, *Kennedy v. Joy Techs., Inc.*, 455 F. Supp. 2d 522 (W.D. Va. 2006), and thereafter denied the plaintiff's Motion for Reconsideration.

On December 19, 2006, Matric filed a Bill of Costs. However, it failed to include an affidavit verifying the costs sought as required by statute. On January 16, 2007, Matric filed an Amended Bill of Costs in the total amount of $16,055.95 and attached the required affidavit.[1] Accordingly, the clerk taxed costs in the amount claimed by Matric.[2]

The plaintiff timely objected to the taxation of costs. The plaintiff does not dispute that $4,957.95 of the amount claimed is properly taxable. In its response to the plaintiff's objection, Matric withdrew $6,845.91 of the amount claimed. However, it still maintains that $9,210.04 is properly taxable and should be awarded. The issues have been fully briefed by the parties and are now ripe for decision.[3]

---

[1] Although the amount requested by Matric totaled $16,055.95, the bill as itemized actually totals $16,075.95. Matric has requested that the following costs be taxed against the plaintiff: $523.50 for service of summons and subpoenas; $5,109.95 for court reporter fees; $34 for printing fees; $2,530.95 for fees related to the exemplification and copies of papers; and $7,877.55 for other costs.

[2] On December 20, 2006, Joy Technologies filed its Bill of Costs seeking $5,392.29. The plaintiff did not object to the amount claimed by this defendant.

[3] The facts and legal contentions are adequately presented in the materials before the court and oral argument would not significantly aid in the decisional process.

-2-

II

Rule 54 of the Federal Rules of Civil Procedure allows a prevailing party to recover costs, other than attorney's fees, unless the court otherwise directs. Fed. R. Civ. P. 54(d). Under 28 U.S.C.A. § 1920 (West 2006), the court may tax certain litigation costs incurred by the prevailing party against the losing party. "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

The parties first dispute the amount that should be awarded for the service of summons and subpoenas. Matric contends it is owed $523.50 for the costs associated with service of summons and subpoenas. These fees stem from the use of private process servers by Matric and include rush fees and same-day service fees. The plaintiff argues that according to the terms of § 1920 only service fees paid to the United States marshals service are taxable.

"While 28 U.S.C. § 1920(1) permits the taxation of costs associated with service of process and subpoenas by the U.S. Marshal's service, most courts

-3-

recognize that private process server fees are also taxable against the losing party." *Wyne v. Medo Indus.*, 329 F. Supp. 2d 584, 589-90 (D.Md. 2004). The Fourth Circuit has not spoken to this issue and judges in this district have been split on whether § 1920 permits taxation of costs for private process server fees. *Compare Adkins v. Crown Auto, Inc.*, No. 4:04CV00042, 2005 U.S. Dist. LEXIS 43459, at *6 (W.D. Va. Oct. 11, 2005) (denying fees to private process server); *Ford v. GE Lighting, LLC.*, No. 5:03CV00024, 2005 U.S. Dist. LEXIS 14994, at *4 (W.D. Va. July 22, 2005) (holding private server fees to be non-taxable); *with Tunnell v. Ford Motor Co.*, No. 4:03CV074, 2005 U.S. Dist. LEXIS 28163 at *8-9 (W.D. Va. Nov. 10, 2005)(finding private serves fees to be taxable); *Hairston Motor Co., v. Northland Ins. Co.*, No. 94-0053-D, 1994 U.S. Dist. LEXIS, 15625 at *8 (W.D. Va. Sept. 23, 1994) ("Private process server fees are an appropriate item of costs."). However, the majority of courts of appeal that have addressed this issue have found such costs to be taxable. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *United States ex. rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996).

These courts have allowed private server fees because of Congress' clear intent to make service of process fees a taxable cost and because of the shift from the use of the marshals service to private process servers. *See Tunnell*, 2005 U.S. Dist.

LEXIS 28163 at *8-9. In the absence of any direction from the Fourth Circuit, I will follow the majority view and allow taxation of costs for private process servers. However, in this instance, I will not allow the extra costs associated with rush service fees and same-day service fees to be taxed against the plaintiff. *See Johnson v. Commc'ns. Supply Corp.*, No. 05-60510, 2006 U.S. Dist. LEXIS 90344, at *2 (S.D. Fla. Dec. 14, 2006). The costs for service of process fees will therefore be reduced by $227.50 Accordingly, I will grant Matric $296 for costs associated with service of summons and subpoenas.

III

The plaintiff contests a portion of the costs associated with court reporter fees. In particular, it argues that $140 in electronic transcript fees and $24 in postage and handling for four depositions are non-taxable. The costs associated with producing disc copies of manuscripts and transcripts have been held to be non-taxable because they are produced for the convenience of the attorneys. *See Scallet v. Rosenblum*, 176 F.R.D. 522, 525 (W.D. Va. 1997). Similarly, the defendant is not entitled to costs related to the production of electronic transcripts. However, I will allow the $24 in fees charged by the court reporter for shipping and handling of the four transcripts. Such a fee is reasonable under the circumstances and is covered by § 1920(2). The

-5-

plaintiff does not contest any other court reporter costs the defendant claims. Therefore, I will grant the defendant $4,969.95 in costs associated with court reporter fees.

IV

The parties dispute the defendant's claimed cost of $2,530.95 for fees related to the exemplification and copies of papers. The defendant has only itemized a total of $385.25 of the copying expenses it seeks to tax against the plaintiff. These costs are mainly related to charges incurred by Matric for documents received from its co-defendant, Joy Technologies. As itemized by the defendant, such expenses are not taxable to the plaintiff.[4]

Section 1920 provides that a court may tax fees used for photocopies necessarily obtained for use in the case. However, a prevailing party may only be reimbursed for copies of documents it has submitted to the court and provided to opposing counsel. *See Southprint, Inc. v. H3, Inc.*, No. 4:02CV038, 2005 U.S. Dist. LEXIS 29707, *13-14 (W.D. Va. Nov. 23, 2005).

---

[4] Among the expenses the defendant seeks to tax against the plaintiff are copies of video and cassette tapes it received from the plaintiff for which it was charged. Although these items may have been obtained for use in the litigation, such expenses are not taxable because they were not supplied by the defendant to the plaintiff.

Although these copy expenses may have been incurred by the defendant for copies of documents and items used in the case, taxation of such costs are only allowed in the more narrow instance where the prevailing party incurred expenses by producing documents directly to the court or to opposing counsel.

The remaining $2,143.70 in charges has not been itemized and appears to be for copies produced in-house at $0.10 per page. Although the date each copy was made is listed as well as the total number of copies, the defendant has not identified why these particular charges were incurred. Copies made for a party's own internal use and convenience are not taxable. *See Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 372 (D. Md. 1994). Only copying expenses incurred for submissions to the court or opposing counsel may be taxable. Without an itemization of these charges, I cannot properly determine the actual amount of expenses incurred from copies produced for the court and opposing counsel. A review of the record in this case indicates that the copies for which the defendant seeks reimbursement are substantially greater than those documents actually filed by the defendant with the court. Accordingly, I will sustain the plaintiff's objection to the taxation of these costs. The defendant's claim of $2,530.95 in copying costs will be denied.

V

The parties next dispute the taxation of costs the defendant has listed as "other expenses." The defendant initially claimed $7,877.55 in these costs but has withdrawn its request for all but $1,205.64 of these costs. The defendant has submitted a $1,205.64 invoice from Document Technologies, Inc., claiming this charge was incurred to copy and produce nearly 5,000 pages of documents the plaintiff requested in discovery.

The plaintiff contends this expense was incurred mainly for Matric's own convenience and organizational purposes. As noted above, a party may recover the costs associated with copying and producing documents requested by the losing party during the course of discovery.

The defendant has failed to provide sufficient documentation regarding the purposes of this fee. It is unclear whether this fee was initially expended solely for the defendant's own convenience or whether this project was undertaken specifically to accommodate the plaintiff's discovery request. Because the court cannot determine the defendant's original purpose in scanning and labeling the 4,760 pages of documents, I find that this expense is not taxable against the plaintiff.

## VI

For the reasons stated, it is **ORDERED** as follows:

1. The plaintiff's objection will be granted in part and denied in part; and

2. Costs are taxed in favor of Matric Limited against the plaintiff in the total sum of $5,265.95.

ENTER: April 25, 2007

/s/ JAMES P. JONES
Chief United States District Judge