# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| MOLLIE L. KENNEDY, ADMINISTRATRIX, ETC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:05CV00030 |
| v. | ) ) | **OPINION AND ORDER** |
| JOY TECHNOLOGIES, INC., ET AL., | ) ) ) | By: James P. Jones<br>Chief United States District Judge |
| Defendants. | ) ) | |

*S.D. Roberts Moore and James J. O'Keeffe, IV, Gentry Locke Rakes & Moore, LLP, Roanoke, Virginia, and Clarence E. Phillips, Castlewood, Virginia, for Plaintiff; Mark D. Loftis, Woods Rogers PLC, Roanoke, Virginia, for Defendant Joy Technologies, Inc., d/b/a Joy Mining Company; Patrick D. Blake, Willcox & Savage, P.C., Norfolk, Virginia, for Defendant Matric Limited.*

The plaintiff's decedent was killed in an underground mining accident when he was crushed by the continuous miner machine that he had been operating. As I recited in my earlier opinion granting summary judgment to the defendants:

> The machine was manufactured and sold by defendant Joy Technologies, Inc. A component remote control unit, called a TX-3 remote, was suppled by the co-defendant Matric Limited. In her Complaint in this court, the plaintiff contends that the defendants are liable for the wrongful death of her decedent based on their breach of the implied warranties of sale. It is the plaintiff's theory that the TX-3 remote was defectively designed, so as to allow coal fines and debris to accumulate in and clog the sockets that contained the lever controls for the machine's tracks or "trams," thus preventing a control from returning

to its neutral position. The plaintiff asserts that this defect caused the
accident by producing an "unplanned machine movement" that pinned
the decedent between the machine and the coal rib and killed him.

*Kennedy v. Joy Techs., Inc.*, 455 F. Supp. 2d 522, 523 (W.D. Va. 2006). Because I found that the plaintiff was unable to meet her burden of proof under Virginia law that the accident was caused by the alleged defect, I granted summary judgment shortly before trial in favor of both defendants.

The plaintiff appealed, and the Fourth Circuit reversed. *Kennedy v. Joy Techs., Inc.*, No. 06-2307, 2008 WL 686406 (4th Cir. Mar. 12, 2008) (per curiam) (unpublished). The court of appeals held that it had been error to exclude from my consideration of the plaintiff's evidence the opinion contained in an investigation report of the accident made by the Mine Safety and Health Administration ("MSHA"), which opinion supported the plaintiff's theory of the cause of the accident. *Id.* at *8. The court of appeals did not determine whether the addition of the report's opinion created sufficient proof to meet the plaintiff's summary judgment burden on causation. Rather, the court of appeals remanded the case with instructions that "the evidence of causation should be revisited and include the MSHA Report's conclusions." *Id.* n.14.

In a separate ruling, the court of appeals affirmed my exclusion of opinion evidence by the sole expert witness for the plaintiff, Thomas W. Butler, Ph.D., "but

-2-

Case 2:05-cv-00030-JPJ-PMS   Document 150   Filed 05/07/08   Page 2 of 7   Pageid#: 7510

authorize[d] the court to revisit it on remand if it sees fit so to do–in light of this opinion." *Id.* at 9.

The plaintiff has now requested that the case be reset for trial; that the court revisit the issue of Dr. Butler's opinion; and that "[s]he be allowed 60 days in which to disclose additional expert witnesses and to amend her witness list, with additional opportunity for any requested discovery as to such witnesses and for the defendants to make counter-disclosures." (Letter from counsel for plaintiff to court, Apr. 21, 2008, at 1.) The defendants object to any additional expert disclosures or discovery. The defendant Joy Technologies has filed a Renewed Motion for Summary Judgment and the defendant Matric Limited has indicated that it plans to file a similar motion.

I

Generally speaking, whether to allow reopening of the evidence after remand by an appellate court is within the discretion of the trial court. *See United States v. Virginia*, 88 F.R.D. 656, 662-63 (E.D. Va. 1980). There may be good reasons to allow new evidence, such as where the controversy involves ongoing events, *see MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) (allowing additional evidence in order to show current circumstances following remand of injunction in patent case), or where the parties were precluded from

developing evidence based on the trial court's erroneous legal ruling, *see United States v. Lewis*, 833 F.2d 1380, 1388 (9th Cir. 1987) (allowing additional evidence on remand of grant of suppression motion). In the present case, however, no such circumstances exist and the plaintiff has presented no reason why the additional expert testimony it now hopes to obtain could not have been developed earlier.

There are strong institutional grounds for precluding the reopening of litigation, *see E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1212 n.24 (D. Del. 1989) ("While [the defendant] naturally would like to bolster its position now with its hindsight benefited by this Court's earlier opinion and that of the [court of appeals], free permission of this practice would result in endless litigation."), and I find that the plaintiff has not shown sufficient cause to allow additional evidence.

The plaintiff argues that it was implicit in the decision by the court of appeals that it would be appropriate to allow additional evidence on the causation issue upon remand. Otherwise, her argument goes, the court of appeals would have decided the causation issue de novo on the present record.

While the court of appeals could have decided whether or not the MSHA report tipped the balance against summary judgment, it also had the ability to expressly permit the taking of additional evidence. *See Hall v. Tawney*, 621 F.2d 607, 614 n.8

-4-

(4th Cir. 1980) (noting that "[u]pon remand it would be quite appropriate to reopen the record for discovery and other pre-trial procedures looking to development of the issues presented . . . in light of this opinion."). It did not do so, and its language directing that the causation evidence be "revisited" indicates to me that it did not mean that this court was required to reopen the record.

For these reasons, the plaintiff's request for leave to disclose additional expert opinions will be denied.

II

The plaintiff also requests that the court reconsider its prior exclusion of Dr. Butler's opinion, in light of the Fourth Circuit's decision. I will grant that request and admit that opinion.

I excluded Dr. Butler's opinion in large part because it was based primarily on the conclusions of the MSHA report, which I had excluded. *See* 455 F. Supp. 2d at 525. Because those conclusions are now admissible, and in light of the Fourth Circuit's decision, I will allow Dr. Butler's opinion.

Pursuant to the mandate of the court of appeals, my task is to now reconsider the issue of causation, based on the record previously developed, including the

-5-

MSHA report and Dr. Butler's opinion.[1]  Defendant Joy Technologies has already filed a Renewed Motion for Summary Judgment, together with a brief in support of its motion.  I will allow defendant Matric Limited to file a similar motion and brief and for the plaintiff to respond.  I will also direct the scheduling of a new trial date, subject to my ruling on the dispositive motions.

III

Accordingly, it is **ORDERED** as follows:

1.  Upon reconsideration, the motions to exclude the testimony of Dr. Butler (Doc. Nos. 62 & 64) are DENIED;

2.  The defendant Matric Limited is granted 10 days to file a Renewed Motion for Summary Judgment, with supporting brief; the plaintiff may file a response to such motion and to the Renewed Motion for Summary Judgment previously filed by Joy Technologies, provided it is filed within 14 days following service of Matric Limited's Renewed Motion for Summary Judgment; the defendants may file a reply thereto, provided it is filed within 10 days of service of the plaintiff's response; and

---

[1] In accord with the decision of the court of appeals, I will not consider the opinion of the plaintiff's former expert, since withdrawn.  *See* 2008 WL 686406, at 8 n.14.

3. The parties are directed to promptly consult with the court's scheduler and obtain the earliest available trial setting. In the event that any party wishes to present oral argument on the Renewed Motions for Summary Judgment, such oral argument must be held no later than 10 days following the last date for filing replies to the Renewed Motions for Summary Judgment.

ENTER: May 7, 2008

/s/ JAMES P. JONES
Chief United States District Judge